Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-4707-16-B

| | | |
|---|---|---|
| **ROGELIO RAMOS AND** | § | **IN THE DISTRICT COURT** |
| **SILVIA RAMOS** | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | |
| **AND RICARDO NIEVES,** | § | |
| *Defendants*. | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rogelio Ramos and Silvia Ramos ("Plaintiffs") and files this *Plaintiffs' Original Petition and Request for Disclosure*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Ricardo Nieves ("Nieves"), collectively known as "Defendants," and respectfully shows this Honorable Court the following:

### I.  DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.  PARTIES

2. Plaintiffs Rogelio Ramos and Silvia Ramos are individuals residing in Hidalgo County, Texas.

3. Defendant Allstate is a domestic insurance company engaged in the business of insurance in Texas with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas,

in Hidalgo County. Defendant Allstate may be served via CT Corporation System at 1999 Bryan St. Ste. 900, Dallas, Texas, 75201.

4. Upon information and belief, Defendant Ricardo Nieves is an individual engaged in the business of adjusting insurance in the State of Texas. This individual can be served at 3399 Capland Ave., Clemont, FL, 34711.

### III. JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Allstate because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Ricardo Nieves because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action asserted arose out of this defendant's business activities in the State of Texas.

### IV. VENUE

8. Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

9. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy, with Policy No. 000829877413, which was issued and sold by Allstate (hereinafter referred to as "the Policy").

Case 7:16-cv-00657   Document 17-5   Filed in TXSD on 11/17/16   Page 3 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

10.     Plaintiffs own the insured property, which is specifically located at 221 N. Moorefield Rd., Mission, Texas, 78572, which is located in Hidalgo County, Texas (hereinafter referred to as "the Property").

11.     On or about March 26, 2015, a severe wind and/or hail storm struck Hidalgo County, Texas and caused substantial damage to the Property ("the Incident"). Specifically, the composition roof of Plaintiffs' dwelling sustained wind and/or hail damage and requires full replacement along with accompanying roof fixtures, such as the painted drip edge, furnace vents, pipe jacks and flashing, continuous aluminum ridge vent, and ridge cap shingles. Furthermore, the exterior of the dwelling sustained significant storm-related damage, which need repairs. Specifically, the fascia, trim boards, soffits, soffit vents, doors, and door trim/frames on all exterior elevations require scraping, power-washing, and painting and sealing.

12.     Plaintiffs submitted a claim to Allstate against the Policy for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number 0372854166 by Defendant Allstate ("the Claim").

13.     Plaintiffs asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

14.     Thereafter, Defendant Allstate assigned Defendant Ricardo Nieves as the individual adjuster/claims representative on the claim. Mr. Nieves was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Mr. Nieves conducted a substandard inspection of Plaintiffs' Property. The inadequacy of Mr. Nieves's inspection is evidenced by his report, which failed to account for substantial, storm-related damage to Plaintiffs' dwelling. For example, Mr. Nieves undervalued the necessary repairs to Plaintiffs' roof by not accounting for any of the repairs to the same. Moreover, Mr. Nieves under-scoped the

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 4 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

damage sustained by Plaintiffs' roof – neglecting to account for *full* damage done to the dwelling roof, and two major roof fixtures: flashing pipe jack (6), and the replacement of the metal valley. Additionally, Mr. Nieves failed to provide for the removal and replacement of the composition ridge cap shingles, ridge vent, and drip edge. Mr. Nieves also failed to make full allowance for the additional charge related to the Plaintiffs having a steep roof. Ultimately, Mr. Nieves's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained. Furthermore, Mr. Nieves completely missed all damages to the exterior of the building, such as power-washing the fascia, trim board, trim, soffits, and soffit vents on all sides of the home, after the debris from the Incident. Mr. Nieves's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiffs' claim being improperly adjusted and underpaid.

15. Defendant Allstate failed to adequately train and supervise Mr. Nieves, resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Defendant Allstate failed to thoroughly review and properly oversee the work of Mr. Nieves, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs' claim was improperly adjusted, and denied in part, causing them to suffer damages.

16. Together, Defendants Allstate and Ricardo Nieves set about to deny and/or underpay on properly covered damages. Defendant Allstate misrepresented to Plaintiffs that Mr. Nieves's investigation and report encompassed all of Plaintiffs' properly covered damages; when, in fact, the report failed to properly assess or include many of Plaintiffs' covered damages and failed to allow for sufficient amounts to cover the cost of repairs to Plaintiffs' Property, as shown in paragraph 14. Defendant Allstate failed to provide coverage for the damages sustained by Plaintiffs, thereby denying/severely underpaying Plaintiffs' claim. As a result of the Defendants'

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 5 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

unreasonable investigation, Plaintiffs' claim was improperly adjusted and Plaintiffs have not been adequately compensated for their valid claim and has suffered damages.

17. The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to fully repair their Property, and has likley resulted in further damages to the dwelling. To this date, Plaintiffs have yet to receive sufficient payment that they are entitled to under the Policy.

18. As detailed in the paragraphs below, Defendant Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

19. To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

20. Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

21. Defendant Allstate through its agent, Mr. Nieves, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate's' conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22. Defendants Allstate and Ricardo Nieves failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Allstate and Ricardo Nieves's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 6 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

23. Defendants Allstate and Ricardo Nieves failed to explain to Plaintiffs the reasons for their denial of Plaintiffs' full claim. Specifically, Allstate failed to offer Plaintiffs adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The conduct of Defendants Allstate and Ricardo Nieves is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24. Defendant Allstate refused to fully compensate Plaintiffs, under the terms of the Policy, even though Allstate and Mr. Nieves failed to conduct a reasonable investigation. Specifically, Allstate and Mr. Nieves performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Allstate and Mr. Nieves constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 7 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

27. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28. Defendants Allstate and Ricardo Nieves knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29. As a result of Defendants Allstate and Ricardo Nieves wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI. CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT RICARDO NIEVES

#### A. NON-COMPLIANCE WITH TEXAS INS. CODE: UNFAIR SETTLEMENT PRACTICES

30. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

31. Defendant Allstate assigned Defendant Ricardo Nieves to adjust the claim and evaluate Plaintiffs' damages on its behalf. During his investigation, Defendant Ricardo Nieves failed to properly assess Plaintiffs' property damage. Specifically, during his investigation, Mr. Nieves spent an inadequate time investigating whether Plaintiffs' damages were covered under the Policy - as evidenced by his failure to properly assess all exterior damage to the dwelling (*See* §§ 11, 14).

32. Defendant Ricardo Nieves's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 8 of 16

C-4707-16-B

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

33. Defendant Ricardo Nieves is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Defendant Allstate, because Defendant Ricardo Nieves is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Ricardo Nieves's misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs had no damages when in fact there were; (3) using his own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for underpaying/giving no compensation for Plaintiffs' claims. Defendant Ricardo Nieves's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Defendant Ricardo Nieves's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though

Case 7:16-cv-00657   Document 1-5   Filed in TXSD on 11/17/16   Page 9 of 16
C-4707-16-B
Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. The unfair settlement practices of Defendant Ricardo Nieves as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. Defendant Ricardo Nieves's deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

38. Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### A. BREACH OF CONTRACT

39. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

40. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

41. A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed

thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

42. A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

43. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the policy, including the payment of their premium, constitutes a breach of Allstate's insurance contract with Plaintiffs.

B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

45. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiffs that damages sustained to their Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

47. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

50. Plaintiffs would submit that this action is not only a violation of the Tex. Ins. Code §541.060, but the act of knowingly making a material misrepresentation of fact or opinion, to the Ramos' by Allstate, knowing that this statement is false, constitutes fraud. Allstate made misrepresentations to the Ramos' about their case, recklessly, without any knowledge of the truth, Allstate intended that the Ramos' rely on its statements regarding the applicable coverage to the property, and the Ramos' relied on Allstate's statements regarding the same, and has sustained damages.

Case 7:16-cv-00657   Document 1-6   Filed in TXSD on 11/17/16   Page 12 of 16

Electronically Filed
10/13/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-4707-16-B

C. <u>Noncompliance with Texas Insurance Code: The Prompt Payment of Claims</u>

51. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

52. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

53. Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

54. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

D. <u>Breach of Duty of Good Faith and Fair Dealing</u>

55. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

56. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

57. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results

Case 7:16-cv-00657 Document 75-1 Filed in TXSD on 11/17/16 Page 13 of 16

C-4707-16-B

Electronically Filed
10/15/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

from the fact that Allstate, like other insurers, controls entirely the evaluation, processing and denial of claims.

58. By not inspecting the property for all of the claimed covered damages, Allstate and Mr. Nieves did not inspect and evaluate Plaintiffs' home as if it were their own home. Allstate and Mr. Nieves's investigation and evaluation was not reasonable; thus, there is no reasonable basis for withholding payment for Plaintiffs' covered damages. Allstate's overall conduct in handling Plaintiffs' claim was not reasonable.

59. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate, through its agent, Mr. Nieves, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. ACTS CONSTITUTING ACTING AS AGENT

60. Plaintiffs reincorporate the above-referenced paragraphs by reference as if stated more fully herein.

61. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Ricardo Nieves is an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62. Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant Ricardo Nieves, including the completion of his duties under the common law and statutory law.

### F. GROSS NEGLIGENCE

63. Plaintiffs reincorporate the above paragraphs by reference as if stated fully herein.

64. Plaintiffs are entitled to exemplary damages as a result of Defendant Allstate's breach of duties owed as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

## VII. KNOWLEDGE

65. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII. DAMAGES

66. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

67. As previously mentioned, the damages caused by the March 26, 2015 hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate mishandling of Plaintiffs' claim in violation of the laws set forth above.

68. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of their claim, together with attorney's fees.

C-4707-16-B
Electronically Filed
10/15/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

69. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

70. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. REQUEST FOR DISCLOSURE

73. Under Texas Rules of Civil Procedure 194, Plaintiffs hereby requests Defendants Allstate and Ricardo Nieves each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

Case 7:16-cv-00657 Document 1-5 Filed in TXSD on 11/17/16 Page 16 of 16

C-4707-16-B

Electronically Filed
10/15/2016 4:49:58 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, PLLC**
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534


By: _/s/ Andres Arguello_
ANDRES ARGUELLO
State Bar No. 24088970
andres@simplyjustice.com
PHILIP BRODERICK
State Bar No. 24094561
philip@simplyjustice.com
NISHI KOTHARI
State Bar No. 24087862
kothari@simplyjustice.com
***ATTORNEY FOR PLAINTIFFS***
***ROGELIO RAMOS AND SILVIA RAMOS***